**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BARBARA KUNTZ, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | Jury Trial Demanded |
| SPECIFIED CREDIT | § | |
| ASSOCIATION 1, INC., | § | |
| Defendant | § | |

**ORIGINAL COMPLAINT**

**NATURE OF ACTION**

1.      This is an action for damages brought by Plaintiff, Barbara Kuntz ("Plaintiff"), an individual, for Specified Credit Association 1, Inc.'s violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., and the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE § 392.001 *et seq*., which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2.      Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA and TDCA, and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3.      Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

**JURISDICTION AND VENUE**

4.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6.      Plaintiff, Barbara Kuntz, is a natural person who at all relevant times resided in the State of Texas, County of Denton, and City of Lewisville.

7.      Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and TEX. FIN. CODE § 392.001(1).

8.      Defendant, Specified Credit Association 1, Inc., ("Defendant"), is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and by TEX. FIN. CODE § 392.001(6).

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(2).

10.     Defendant is a "third-party debt collector" as defined by TEX. FIN. CODE § 392.001(7).

## FACTUAL ALLEGATIONS

11.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

12.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

13.     Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

14.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15.     On or about July 6, 2012, Plaintiff entered into an agreement with Defendant's agent and/or employee David Stone, ("Mr. Stone"), to make scheduled payments to satisfy the debt.

16.     To date, Plaintiff has honored the arrangement and made payments as agreed.

17.     On or about August 8, 2012, Mr. Stone called Plaintiff and threatened to garnish her wages if Plaintiff did not provide Defendant with her place of employment and other information.

18.     Plaintiff would not provide the information to Mr. Stone because she was making payments as previously agreed upon.

19.     The call concluded with Mr. Stone threatening that he would find out where Plaintiff worked in a week's time and then garnish her pay.

20.     In connection with the collection of the debt, Defendant, by and through its agent and/or employee Mr. Stone, placed a call to Plaintiff's cellular telephone on August 15, 2012 at 12:28 P.M., and at such time, left a voicemail message stating: "Hey Barbara, Dave Stone here (sigh) Dallas County Tuberculosis. Say I didn't warn you."

21.     In its August 15, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

22.     In its August 15, 2012 voicemail message, Defendant failed to disclose its true corporate or business name.

23.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name in a telephone call to Plaintiff, in its August 15, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

24.     Plaintiff repeats and re-alleges each and every allegation contained above.

25.     Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

26.     Plaintiff repeats and re-alleges each and every allegation contained above.

27.     Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

4

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692f**

28.    Plaintiff repeats and re-alleges each and every allegation contained above.

29.    Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff, including threatening to garnish and taking steps to garnish Plaintiff's wages while the parties had already set up payment arrangements to satisfy the debt, and where Plaintiff did not breach any of her obligations under the agreement.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692f;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(5)(B)

30.     Plaintiff repeats and re-alleges each and every allegation above.

31.     Defendant violated TEX. FIN. CODE § 392.304(a)(5)(B) by failing to disclose that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated TEX. FIN. CODE § 392.304(A)(5)(B);

b) Awarding Plaintiff injunctive relief pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

32.     Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 26th day of October, 2012,

By: /s/Joseph Panvini
Joseph Panvini
jpanvini@attorneysforconsumers.com
WEISBERG & MEYERS, LLC
Two Allen Center
1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Telephone:     (888) 595-9111
Facsimile:      (866) 565-1327
Attorney for Plaintiff Barbara Kuntz